IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JORDAN LEIGH, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:25-cv-22540-EFD |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, DEPARTMENT OF | ) |
| TREASURY, INTERNAL REVENUE | ) |
| SERVICE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## JOINT SCHEDULING REPORT

Plaintiffs Jordan Leigh and Defendant United States of America, pursuant to Rule 16.1(b) of the Local Rules for the Southern District of Florida and the Court's August 5, 2025 Order (ECF No. 14), met via phone conference on September 4, 2025, and submit this Joint Scheduling Report.

**A. Likelihood of Settlement**

The parties have not yet met for settlement discussions but intend to discuss settlement in good faith.

**B. Likelihood of Appearance of Additional Parties**

The parties do not believe the appearance of additional parties is likely.

**C. Proposed Time Limits**

*Plaintiff:*

Please see Exhibit A.

*Defendant:*

The Internal Revenue Service's ("Service") search for records potentially responsive to Plaintiff's FOIA request is currently ongoing and not yet complete. Once the search is complete, the Service will review the records for responsiveness, assert any exemptions to disclosure under the FOIA, and provide any responsive, non-exempt records to Plaintiff. The Service proposes that the Court order the parties to file periodic status reports updating the Court as to the status of the FOIA request every 90 days. Alternatively, the Court should set a summary judgment briefing schedule to occur after the Service has completed its search and claimed any FOIA exemptions to disclosure.

### D. Proposals for the Simplification of Issues

The parties do not have any proposals at this time, but they will work together to eliminate unnecessary claims and defenses and stipulate to as many facts as possible in an effort to streamline this litigation.

### E. Necessity of Amendments to the Pleadings

The plaintiff does not believe amendments to its Complaint are necessary but will amend to the extent required by the Court.

### F. Possibility of Obtaining Admissions

The parties do not have any specific suggestions at this time but will endeavor to stipulate to facts, the authenticity of documents, and take other measures to avoid unnecessary proof.

### G. Suggestions for Avoidance of Unnecessary Proof

The parties do not have any specific suggestions at this time but will endeavor to stipulate to facts, the authenticity of documents, and take other measures to avoid unnecessary proof.

### H. Advisability of Referring Matters to Magistrate Judge

The parties do not unanimously consent consent to full disposition of the case by the Magistrate Judge.

**I. Estimate of Time Required for Trial**

*Plaintiff:*

Please see Exhibit A.

*Defendant:*

FOIA cases are typically resolved on summary judgment. If necessary, the Service requests that the Court set this matter for a trial calendar, including time required for trial, after the Service has completed its search and claimed any FOIA exemptions to disclosure, and the Service has moved for summary judgment and received a ruling.

**J. Requested Dates for Pretrial Conference and Trial**

*Plaintiff:*

Please see Exhibit A.

*Defendant:*

FOIA cases are typically resolved on summary judgment. If necessary, the Service requests that the Court set this matter for a trial calendar after the Service has completed its search and claimed any FOIA exemptions to disclosure, and the Service has moved for summary judgment and received a ruling.

**K. Issues Regarding:**

i. Electronically stored information: Discovery is generally inappropriate in a FOIA case as described in part L below.

(ii) Claims of privilege or protection: The parties agree to confer in an attempt to resolve disputes regarding claims of privilege or protection prior to requesting Court intervention.

(iii) ESI Checklist applicability: Not applicable.

**(L) Other Information**

*Plaintiff:*

Please see Exhibit A.

*Defendant:*

FOIA suits are generally decided on summary judgment once the government has completed its search for responsive records and asserted any exemptions to disclosure. *See Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). As such, Courts typically do not enter scheduling orders including discovery in FOIA suits, nor permit discovery prior to summary judgment briefing. *See Teo v. Internal Revenue Serv.*, No. 20-81351, 2020 WL 13411912, at *2 (S.D. Fla. Oct. 26, 2020) ("vacating the litigation deadlines set in the Pretrial Scheduling Order" to allow further time for a FOIA search).

Discovery is generally not conducted in FOIA suits because "FOIA cases should be decided on motions for summary judgment" once the documents at issue are properly identified. *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). To prevail on summary judgment, the government agency must show that it conducted a reasonable search and properly asserted any exemptions from disclosure. *Id.* Agencies typically meet this burden through submission of detailed declarations or affidavits describing the agency's search for responsive records and the basis for any withholdings made pursuant to FOIA exemptions. *See, e.g., Karantsalis v. U.S. Dep't of Just.*, 635 F.3d 497, 500 (11th Cir. 2011). The Eleventh Circuit has held that discovery prior to the identification of documents at issue "is inappropriate until the government has first had a chance to provide the court with the information necessary to

make a decision on the applicable exemptions." *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993).

Here, the Service must first complete its review and assert any relevant exemptions to disclosure. Once these steps are completed, if the parties do not agree that the suit has been resolved, the Service will file a summary judgment motion as described above. As such, the Court should refrain from entering a scheduling order until the Service has completed its review, asserted any exemptions, and conferred with Plaintiff. Alternatively, the scheduling order should provide only a summary judgment briefing schedule to take place after the Service has completed its review and claimed any applicable exemptions. The Court should not provide for discovery until Plaintiff meets its burden of establishing a genuine issue of material fact. *See Sharkey v. FDA*, 250 F. App'x 284, 291 (11th Cir. 2007) (affirming denial of motion for discovery in FOIA suit where plaintiff failed to "state with particularity the facts he believes discovery will reveal sufficient to create a genuine issue of material fact[.]").

DATED: September 4, 2025

Respectfully submitted,

/s/ *Joshua D. Zimberg*
JOSHUA D. ZIMBERG
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel: 202-598-3739
Fax: 202-514-6866
Joshua.D.Zimberg@usdoj.gov
*Counsel for the United States*

/s/

Jordan Leigh
701 Brickell Ave.
Suite 1550
Miami, FL 33131
*Pro se*