```
            UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
                               MIAMI DIVISION

Jordan Leigh,                     )
     Plaintiff,                   )
                                  )
v.                                )
                                  )   Case No. 1:25-cv-22540-EFD
United States,                    )
Department of Treasury,           )
Internal Revenue Service,         )
     Defendant.                   )
```

## PLAINTIFF'S POSITION

For over 18 months Plaintiff has been requesting documentation as to why the IRS made fictitious adjustments to his 2021 Tax Return and claimed that Plaintiff had $700,000 in additional income that was not reported when he filed his 2021 Tax Return. These claims are false and directly contradicted by every bank record, credit report, and other financial document Plaintiff has produced. For over 18 months the IRS has failed to provide Plaintiff with **ANY** substantiation for these egregious claims, all the while escalating collection actions, ignoring Plaintiff's timely and properly formatted administrative filings, and repeatedly lying to Plaintiff about the timeline of sending him these documents to correct.

The record reflects (i) explicit written FOIA requests sent to IRS revenue officers as early as 14 October 2024 which were ignored; (ii) explicit written FOIA requests sent to the IRS Disclosures Department as early as 22 April 2025; (iii) The IRS's acknowledgement of receiving online requests made through the IRS FOIA portal on 14 April 2025, as well as acknowledgement of

receiving the mailed requests on 7 May 2025; (iv) a self-selected completion date of 11 August 2025, which passed without producing a single document; and (v) continued ongoing collection actions on the fictitious unsubstantiated liability. These facts support an immediate production order and a tight FOIA schedule so the merits can be resolved promptly.

## PROPOSED SCHEDULE

1. An **IMMEDIATE** production order. On entry of the Court's scheduling order, require the IRS to begin rolling production within seven (7) days of the order and complete production within thirty (30) days of the order of all non-exempt, reasonably segregable records responsive to the eight enumerated requests described in Exhibit A.

2. For any withholdings or redactions, require the United States to file, within thirty (30) days of the order, both a declaration detailing the scope and method of the search across all likely systems, and a Vaughn index identifying each withheld document, the exemption asserted, and the factual basis for the exemption.

3. Require a status report on day ten (10) after the order, certifying what has been produced and what remains; and provide that failure to meet any deadline will trigger a show-cause requirement within three (3) business days explaining the noncompliance, with the Court to consider appropriate remedies.

4. If any disputes remain after production:
    a. Opening cross-motions due thirty (30) days after the Vaughn index;
    b. Oppositions due fourteen (14) days later;
    c. Replies due seven (7) days thereafter;

5. No discovery is anticipated beyond the declarations and the Vaughn index. If material disputes remain regarding the adequacy of the search or the good-faith basis for withholdings, Plaintiff may seek a narrowly tailored, FOIA-specific discovery.

6. Plaintiff does not agree to any enlargement of the Court-ordered dates above, including the existing deadlines the Court has already set for the Government's response and the Parties' joint scheduling materials.

Dated:  4 September 2025

Respectfully submitted,

Jordan Leigh (pro se)
701 Brickell Ave., Suite 1550
Miami, FL 33131
516-314-3490
JDLeigh10@gmail.com